Martin, J.
delivered the opinion of the court. The plaintiffs offered to read the deposition of *406 the insolvent, taken on a rule of court made for the examination of witnesses, by consent, on interrogatories; which the defendant opposed.
East’n. District.
June 1816.
No law requires the service of interrogatories on the adverse party. The acts of another attorney, than the one originally named on the record, are not invalid.
A ceding debtor cannot be used as a witness by his syndics.
A witness who never saw the party write, but has frequently corresponded with him, may prove his handwriting.
1. Because there was no evidence of the materiality of the testimony.
2. Because the commission issued before service, on the defendant, of the filing of interrogatories.
3. Because the notice aforesaid was signed by another attorney than the one on record.
4. Because the witness is an interested one: inasmuch as what may be recovered in the present suit will increase his estate, and on the contingency of it being more than sufficient to pay all his debts, a greater balance will accrue to him.
5. Because the testimony was taken contrary to the letter and spirit of the statute:
The plaintiffs also offered in evidence a letter written by the defendant’s wife, which the defendant objected to,
6. Because it was not written by her: the proof offered of her handwriting resulting from the testimony of a man, who swore he never saw her write, but had received many letters from her, and he believed the one offered to be in her handwriting.
*407 7. Because the contents of the letter were not pertinent to the issue.
I. The affidavit, of the materiality of testimony to be taken by commission, is required, in order to guard the party, against whom it is to be used, against the inconveniencies which may result from that mode of taking evidence; but when that party consents to the issuing of the commission, he waves the preliminary requisites introduced for his protection, 1805, 26, sect. 19.
II. There exists no law requiring that notice of the interrogatories to be put to the witnesses, should be served on the adverse party; nor even that these interrogatories should be filed within any particular time. The practice has been introduced by the attorneys, as a substitute for the notice of the time and place of taking the testimony. Perhaps the filing of interrogatories by the party, against whom the witness is to be examined, precludes him from requiring notice of the time and place, and when by consent the deposition is to be taken on interrogatories, notice of their being filed, affording the opportunity of having cross-interrogatories transmitted, dispenses with notice of time and place. But, in the present instance, the complaint is not that the *408 notice of filing interrogatories was not given at all, or too late to afford the opportunity of sending cross-interrogatories, or of attending in proper time, but only that notice was not given before the commission issued. No complaint is made that the party had not notice of the time and place, and we must presume, as the contrary is not alleged, that such a notice was given.
III. The interrogatories being filed and notice given by an officer of the court, a sworn attorney, it is no objection that this was the first act of this person in the suit.
IV. Ceding debtors being entitled to the surplus of their estates, after the payment of their debts, the insolvent, John Clay, could not be used as a witness, by his syndics, till he had released his right to the surplus.
V. The fifth exception is taken in so general terms, that we cannot make it bear on any part of the record.
VI. The handwriting of the wife of the defendant was, in our opinion, sufficiently proven to authorise the plaintiffs to read the letter, if it could at all be admitted.
VII. The defendant, admitting impliedly, by *409 his objection to the proof of his wife’s handwriting, that the letter, if true, was to be read to charge him; we consider the contents of it, being a request of supplies, as sufficiently pertinent.
Hopkins for the plaintiff; Bradford for the defendant.
We are of opinion that the fourth exception was a valid one, and that the judge erred in overruling it.
It is therefore, ordered, adjudged and decreed that the judgment of the district court be annulled, avoided and reversed, and the cause be remanded for a new trial, with direction to the judge not to admit the testimony of the ceding debtor, while the right to the surplus of the ceded property remains in him.